**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DANIEL ELDON KENNEMORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:21-CV-231 SRW |
| ) | |
| DENISE HACKER, ) | |
| ) | |
| Respondent(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Daniel Eldon Kennemore for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF Nos. 1, 10). The State filed a response. Petitioner did not file a reply, and the time for doing so has passed. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus will be dismissed.

**I.   BACKGROUND**

The following information is drawn from the instant petition, Petitioner's prior federal habeas cases, and from an independent review of Petitioner's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system. In 1995 in the Circuit Court of St. Charles County, Petitioner was convicted of three counts of sodomy and was sentenced to serve three concurrent ten-year terms in the Missouri Department of Corrections. *See State v. Daniel Eldon Kennemore,* No. 11R019300463-01 (11th Jud. Cir. 1995). In 2005, following the expiration of his sentences, Petitioner was civilly committed as a sexually violent predator. *See In the Matter of the Care and Treatment of Daniel Kennemore,* No. 03PR124286 (11th Jud. Cir. 2003) (hereafter "*In re Kennemore*"). Petitioner filed an appeal in the Missouri Court of Appeals, but voluntarily dismissed his appeal in March of 2006. *See In the Matter of Daniel Kennemore,* No. ED 86696 (Mo. Ct. App.

1

2006). At present, Petitioner receives care and treatment from the Missouri Department of Mental Health at the Sex Offender Rehabilitation and Treatment Services facility in Farmington, Missouri.

In July of 2006, Petitioner filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *See Kennemore v. Missouri,* No. 4:06-cv-1016-CEJ (E.D. Mo. Aug. 29, 2006). However, after Petitioner failed to comply with a court order, the petition was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* On February 4, 2008, Petitioner again sought habeas relief in this Court pursuant to § 2254, but the petition was dismissed after the Court determined it lacked jurisdiction. *See Kennemore v. Blake,* No. 4:08-cv-173-DJS (E.D. Mo. Feb. 24, 2009).

In accordance with Missouri law, Petitioner's mental condition is reviewed annually, and a report is provided to the state court which committed him. *See In re Kennemore*. Petitioner's 2019 mental status report indicated he reported plans to petition the state court for release. *Id.* On May 15, 2019, he filed a motion to proceed pro se, along with correspondence advising the state court that his petition for release would be filed soon. *Id.* However, on May 31, 2019, and June 3, 2019, he filed correspondence advising the state court that he no longer wished to pursue relief there because he had filed a habeas petition in this Court. *Id*. The state court granted Petitioner's motion and dismissed the case. *Id*. This Court then dismissed the federal habeas petition on the basis that Petitioner had not exhausted his remedies in state court. *Kennemore v. Lawson*, No. 4:19-cv-1394 HEA (E.D. Mo. Jun. 11, 2019).

Petitioner then moved, in state court, to set aside his motion to dismiss and reinstate the case. *See In re Kennemore*. The state court denied the motions finding that because it had already dismissed the case, it no longer had jurisdiction over the matter. *Id*. Petitioner continues to file motions for release in the state case, and the state court continues to deny them as frivolous because he provides no support for his request. *Id*.

**II.     DISCUSSION**

Before proceeding to the merits of a petition, the Court must first address whether the petition is timely. The State raised the issue of timeliness in its response. (ECF No. 27). Although Petitioner has filed several other documents with the Court, he has not filed a reply or addressed the State's response in any way. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for writs of habeas corpus filed under 28 U.S.C. § 2254, which begins running on the date judgment on the original conviction becomes final. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). The AEDPA's one-year limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2254(d)(2).

Petitioner was civilly committed to the Missouri Department of Mental Health as a sexually violent predator on April 5, 2005. He voluntarily dismissed his appeal on March 3, 2006. (ECF No. 27-1). Petitioner's judgment became final on the day his time period for seeking direct review ended on March 3, 2006. 28 U.S.C. § 2244(d)(1)(A); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("[T]he judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires."). Thus, the one-year limitation period began running on March 4, 2006. Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period); *see also King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012). Petitioner filed the instant petition on February 23, 2021, almost 15 years after the period began running. The petition is 14 years too late. Therefore, the Court must dismiss the petition as untimely.

Accordingly,

**IT IS HEREBY ORDERED** the Petition of Daniel Kennemore for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** Petitioner Kennemore's Petition is **DISMISSED, with prejudice**. Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 28th day of September, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE